Narine MANUKYAN, Petitioner,

v.

Alberto R. GONZALES,* Attorney General, Respondent.

No. 03–74514.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 17, 2005.

Decided June 30, 2005.

Victoria Bezman, Law Offices of Victoria Bezman, Los Angeles, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS—District Counsel, Immigration and Naturalization Service, Office of the District, Seattle, WA, Marshall Tamor Golding, Esq., Aviva L. Poczter, Esq., Jennifer Keeney, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, GRABER, and GOULD, Circuit Judges.

MEMORANDUM **

Narine Manukyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' decision affirming an immigration judge's ("IJ") denial of her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Manukyan challenges the IJ's adverse credibility determination. Because the IJ offered a specific, cogent reason for questioning Manukyan's credibility, and because Manukyan has not shown that the evidence compels a conclusion to the contrary, substantial evidence supports the IJ's adverse credibility determination. See Malhi v. INS, 336 F.3d 989, 992–93 (9th Cir.2003). Accordingly, Manukyan's asylum claim fails. See id.

Because Manukyan failed to establish eligibility for asylum, she also failed to satisfy the more stringent standard for withholding of removal. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir. 2003). Substantial evidence also supports the IJ's denial of relief under CAT. See id. at 1156–57.

PETITION DENIED.

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.